UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

vs                                                          Case No.: 5:22-cr-5-JA-PRL

GEORGE UTLEY,

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, the Defendant, GEORGE UTLEY, by and through undersigned counsel, and pursuant 18 U.S.C. § 3553(a), hereby moves this Honorable Court to vary below the advisory guidelines range computed in the Presentence Investigative Report (PSR) by imposing a sentence of 15 months in the Bureau of Prisons with a three-year term of supervised release as such a sentence is sufficient, but not greater than necessary to comply with the purposes of sentencing. In support of this motion, Mr. Utley states the following:

### I. INTRODUCTION

George Utley is a 56-year-old loving fiancé, father, and brother. Letting greed get the best of him, he participated in the criminal conduct which brings him before this Honorable Court. To very briefly summarize, this case involves Mr. Utley misrepresenting his past personal injury information as well as his business and settlement income in order to continue to receive disability payments from the USPS. The total amount of compensation Mr. Utley received from the Department of Labor from January 27, 2009, through March 17, 2019, is $740,542.38.

Recognizing his wrongdoing, Mr. Utley accepted responsibility early in the instant

case by agreeing to plead to an Information and admitting his guilt through a plea agreement with the Government.

## II. MOTION FOR DOWNWARD VARIANCE PURSUANT TO 18 U.S.C. § 3553(a)

Mr. Utley respectfully moves this Honorable Court to sentence him to a 15-month period of incarceration followed by supervised release.  In light of all the factors in 18 U.S.C. § 3553(a), the advisory guideline range is greater than necessary to achieve the purposes of sentencing in Mr. Utley's case.

As this Honorable Court is aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory. *United States v. Booker*, 543 U.S. 220, 245-267, 125 S. Ct 738 (2005). The use of the guidelines in a roll other than advisory violates the defendant's Sixth Amendment rights. *Booker* at 244-245. Further, there is no legal presumption that the guidelines sentence should apply. *Rita v. United States*, 551 U.S. 338, 351, 127 S. Ct. 2456 (2007).

A district court has the ability and authority to impose a sentence, merely "because the case warrants a different sentence…" regardless of the range calculated by the guidelines. A sentencing court may impose any sentence it deems appropriate as long as the court properly calculates and considers the guidelines along with the sentencing factors of 18 U.S.C. § 3553(a), before reaching its final decision. *Id*. District courts must consider the following ten factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 3) the need for deterrence; 4) the need to protect the public; 5) the need to provide the

2

defendant with needed educational and vocational training or medical care; 6) the kinds of sentences available; 7) the Sentencing Guidelines range; 8) pertinent policy statements of the Sentencing Commission; 9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. *United States v. Talley*, 431 F.3d 78. "The weight to be accorded any given §3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006).

As further explained below, Mr. Utley respectfully suggests that an individualized consideration of the 18 U.S.C. § 3553(a) factors supports the imposition of a below-guidelines sentence.

<u>The nature and circumstances of the offense and the history and characteristics of the defendant [18 U.S.C.§ 3553(a)(1)]</u>

Mr. Utley is ashamed of himself for committing this crime. Admittedly, he abused marijuana and cocaine during his lifetime, however, he has never been convicted of a crime. Being a part of the criminal justice has brought shame not only to himself, but to his family. Understandably, this has caused strained relationships which he hopes to rectify and amend.

A veteran, Mr. Utley served this country in the United States Army for two before being honorably discharged. While in the Army, Mr. Utley worked as a Petroleum Lab Technician. During his time in the Army, Mr. Utley's father died suddenly from a stroke and so he felt it best to return home to be closer to his mother and go to college. Therefore, although he was proud to be a Soldier, Mr. Utley chose not to reenlist.

Following in his father's footsteps, Mr. Utley eventually went to work for the United States Postal Service.

Like many individuals in the criminal justice system, Mr. Utley has been diagnosed with depression and anxiety. In addition to his mental health issues, Mr. Utley has physical issues, including high blood pressure, stenosis of the spine, back pain, and sleep apnea. Mr. Utley looks forward to any programs available to him in the bureau of prisons and while on supervised release that can aid in both his past substance abuse issues and current mental health issues.

<u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense [18 U.S.C.§ 3553(a)(2)(A)]</u>

While understanding that the general purpose of § 3553(a)(2)(A) is punitive, Mr. Utley asks this Court to again consider that he is a non-violent, 56-year-old, first-time offender. A guideline sentence is not necessary to promote respect for the law nor to provide just punishment. Any amount of incarceration for a first-time offender is no slap on the wrist. Further, while on supervised release, Mr. Utley will face many restrictions on his liberty thus reflecting the serious nature of this crime, not to mention, the collateral consequences of being a convicted felon.

<u>The need for the sentence imposed to afford adequate deterrence to criminal conduct [18 U.S.C.§ 3553(a)(2)(B)]</u>

In 2016, the National Institute of Justice, under the U.S. Department of Justice, published *Five Things about Deterrence*, which states that the certainty of law enforcement

4

catching a criminal is a much greater deterrent than the punishment itself. [1] See *Id*. Thanks to law enforcement efforts and the media, the message is out – if you commit a crime, you will get caught. Sending Mr. Utley to prison will not deter others who are determined to break the law. And, clearly Mr. Utley, as 56-year-old, non-violent offender, is deterred from further criminal conduct.

<u>The need for the sentence imposed to protect the public from further crimes by the defendant [18 U.S.C.§ 3553(a)(2)(C)]</u>
<u>Mr. Utley's characteristics make him unlikely to reoffend.</u>

Mr. Utley's age and zero criminal history points provide this Honorable Court with assurance that a guideline sentence is not necessary to protect the public. *See*, United States Sentencing Commission, *The Effects of Aging on Recidivism Among Federal Offenders* (2017), A-44 (which shows that those in the age group of 50-59 years and who fall in criminal history category I, have an especially low rearrest rate of 16.1%, as compared to those, for example, in the under 30 years of age bracket whose rearrest rate is 53% -- in the same criminal history category). [2]

Based on the Commissions own research, Mr. Utley falls into the category of some of the least likely to reoffend statistically. This Honorable Court should not fear that Mr. Utley will ever step foot in its courtroom, or any other, but for some respectable purpose.

<u>The Need to Provide Restitution to Victims [18 U.S.C.§ 3553(a)(7)]</u>

---

[1] The National Institute of Justice Report can be found at: https://www.nij.gov/five-things/pages/deterrence.aspx
[2] The Sentencing Commission's report, including Appendix 44, can be found at:
https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf

5

Restitution is a factor in this case. Mr. Utley has the ability to pay restitution to the Government and understands this Court will order him to do so. Of course, the less amount of time he is incarcerated, the sooner he will be able to make restitution payments.

## III. CONCLUSION

For all the reasons set forth above, Mr. Utley respectfully requests that this Honorable Court sentence him to 15 months in the Bureau of Prisons followed by a period of supervised release with conditions the Court deems appropriate. Such a sentence is "sufficient, but not greater than necessary" to impose a just punishment upon a 56-year-old, first-time, non-violent offender.

DATED this 13th day of May, 2022.

Respectfully Submitted,

*/s/ Summer Rae Goldman*
Summer Rae Goldman
Florida Bar No. 0494615
Goldman Wetzel, PLLC
915 1st Ave. North
St. Petersburg, FL 33705
Phone: (727) 828-3900
Fax: (727)828-3901
Email: summer@goldmanwetzel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2022, a true and correct copy of the foregoing was furnished using the CM/ECF system with the Clerk of Court, which will send notice of the electronic filing to the following:

Robert Edward Bodnar, Jr.

Respectfully Submitted,

*/s/ Summer Rae Goldman*
Summer Rae Goldman
